Jewel STERNAD, Plaintiff—Appellant,

v.

WEST PUBLISHING CORPORATION,
Defendant—Appellee.

No. 04–35935.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 24, 2006.

Decided Aug. 18, 2006.

Elizabeth A. Best, Esq., Best Law Offices, P.C., Great Falls, MT, for Plaintiff–Appellant.

Gregory G. Murphy, Esq., Moulton, Bellingham, Longo and Mather, P.C., Billings, MT, James F. Rittinger, Esq., Satterlee, Stephens, Burke & Burke, LLP, New York, NY, for Defendant–Appellee.

Before: REINHARDT and GRABER, Circuit Judges, and LEW,* District Judge.

MEMORANDUM **

Plaintiff Jewel Sternad appeals the district court's grant of summary judgment in favor of defendant West Publishing Corporation. Sternad was employed by West as a rural sales representative and brought suit under the Montana Wrongful Discharge from Employment Act ("MWDEA"). Mont.Code Ann. §§ 39–2–901, *et seq.*

We review a grant of summary judgment de novo. *Stitt v. Williams,* 919 F.2d 516, 520 (9th Cir.1990).

Under the Montana Wrongful Discharge from Employment Act a discharge is wrongful if:

(a) it was in retaliation for the employee's refusal to violate public policy or for reporting a violation of public policy;

(b) the discharge was not for good cause and the employee had completed the

---

* The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36–3.

702

employer's probationary period of employment; or

(c) the employer violated the express provisions of its own written personnel policy.

Mont.Code Ann. § 39–2–904.

As the district court properly noted, West's Employment Policies include the following performance evaluation standards:

A sales professional may also be placed on a formal Performance Improvement Plan, after any period of three consecutive months in which sales results average below 85% of quota attainment.

In addition, failure to achieve sales results above 85% on a cumulative year-to-date percentage basis may also result in a sales professional being placed on a formal Performance Improvement Plan.

2001 West Employment Policy (2001) at pp. 1–6.

We agree with the district court that no genuine issue of material fact exists that West had "good cause" to terminate Plaintiff. The uncontroverted facts support the district court's finding that West was entitled to place Plaintiff on a formal performance improvement plan ("PIP") when his three-month rolling average fell below 85% of quota at the end of May 2003. Having justification to place Plaintiff on a PIP, it is undisputed and the record makes clear that Plaintiff failed to comply with his PIP's requirements.

Accordingly, Plaintiff's termination on August 6, 2003 did not violate the MWDEA. Summary judgment was proper.

AFFIRMED.